# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 30, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FRANK A. BEKKERING,**
**Claimant Below, Petitioner**

**vs.)**   **No. 12-0172**  (BOR Appeal No. 2046200)
                                (Claim No. 2009082121)

**THE HOMER LAUGHLIN CHINA COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Frank A. Bekkering, by Christopher Wallace and Raymond Hinerman, his attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Homer Laughlin China Company, by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 31, 2012, in which the Board affirmed a July 22, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 15, 2011, decision denying Mr. Bekkering's request to add major depressive disorder, single episode as a compensable component of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bekkering asserts that he developed major depressive disorder subsequent to the development of work-related carpal tunnel syndrome. On December 7, 2010, the claims administrator authorized a one-time psychiatric consultation with Dr. Nalluri following a request from Mr. Bekkering's treating physician. Mr. Bekkering was examined by Dr. Nalluri on December 14, 2010, and was diagnosed with major depressive disorder resulting from work-related carpal tunnel syndrome. On March 9, 2011, Dr. Nalluri submitted a diagnosis update form requesting that major depressive disorder, single episode be added as a compensable

1

component of the claim. The claims administrator denied the request to add major depressive disorder as a compensable component based on a finding that Dr. Nalluri is not the treating physician of record in the instant claim.

In its Order affirming the March 15, 2011, claims administrator's decision, the Office of Judges held that the request to add major depressive disorder as an additional compensable component was properly denied because the request was made by a psychiatrist who is not the treating physician of record. Mr. Bekkering disputes this finding and asserts that the evidence of record satisfies his required burden of proof, and that major depressive disorder should therefore be added as a compensable component of the claim.

In making its determination, the Office of Judges relied on West Virginia Code of State Rules § 85-20-12.4 (2006) and § 85-20-12.4a (2006). West Virginia Code of State Rules § 85-20-12.4 states in part:

> Services may be approved to treat psychiatric problems only if they are a direct result of a compensable injury. As a prerequisite to coverage, the treating physician of record must send the injured worker for a consultation with a psychiatrist who shall examine the injured worker to determine 1) if a psychiatric problem exists; 2) whether the problem is directly related to the compensable condition; and 3) if so, the specific facts, circumstances, and other authorities relied upon to determine the causal relationship.

West Virginia Code of State Rules § 85-20-12.4a states that "[a] Diagnosis Update Form WC-214 must be attached to the treating physician's report in order to request the psychiatric condition be added as an approved diagnosis." The Office of Judges found that the Rules require that Diagnosis Updates be completed by a treating physician. Further, the Office of Judges found that West Virginia Code of State Rules § 85-20-6.6 (2006) assigns the responsibility of reporting a claimant's most accurate and correct condition, as well as changes in his diagnosis, to the treating physician. Finally, the Office of Judges found that because Dr. Nalluri is not the treating physician of record, the claims administrator's denial of the addition of major depressive disorder as a compensable component is in accordance with the Rules. The Board of Review reached the same reasoned conclusions in its decision of January 31, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 30, 2013**

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II